**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAFE HAVEN HOME CARE, INC., EVERGREEN HOMECARE SERVICE OF NY INC., ELIM HOME CARE AGENCY, LLC, DHCARE HOMEHEALTH, INC., SILVER LINING HOMECARE AGENCY, AND ANGEL CARE, INC**.** ) ) ) ) ) ) ) ) | Civil Action No.:<br><br>**ECF Case** |

SAFE HAVEN HOME CARE, INC.,
EVERGREEN HOMECARE SERVICE
OF NY INC., ELIM HOME CARE
AGENCY, LLC, DHCARE
HOMEHEALTH, INC., SILVER LINING
HOMECARE AGENCY, AND ANGEL
CARE, INC**.**
             Plaintiffs,
v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
XAVIER BECERRA, in his official
capacity as Secretary of the United States
Department of Health and Human Services,
UNITED STATES CENTERS FOR
MEDICARE & MEDICAID SERVICES,
CHIQUITA BROOKS-LASURE, in her
official capacity as Administrator of the
U.S. Centers for Medicare and Medicaid
Services, NEW YORK STATE
DEPARTMENT OF HEALTH, MARY T.
BASSETT, in her official capacity as
Commissioner of the New York State
Department of Health, BRETT R.
FRIEDMAN, in his official capacity as
Medicaid Director of the New York State
Department of Health
             Defendants.
_____

Civil Action No.:

**ECF Case**

**[PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER, AND EXPEDITED BRIEFING SCHEDULE**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Safe Haven Home

Care, Inc., Evergreen Homecare Service of NY Inc., Elim Home Care Agency, LLC, DHCare

Homehealth, Inc., Silver Lining Homecare Agency, and Angel Care, Inc., (collectively,

"Plaintiffs") hereby move against Defendants United States Department of Health and Human

Services ("HHS"), Xavier Becerra, in his official capacity as Secretary of HHS, United States

Centers for Medicare & Medicaid Services ("CMS), Chiquita Brooks-Lasure, in her official

capacity as Administrator of CMS, New York State Department of Health ("NYSDOH"), Mary

T. Bassett, in her official capacity as Commissioner of the NYSDOH, and Brett R. Friedman, in

his official capacity as Medicaid Director of the NYSDOH (collectively, "Defendants") for a

Preliminary Injunction, Temporary Restraining Order, and an Expedited Briefing Schedule.

 As set forth more fully in the Complaint for Declaratory and Injunctive Relief

("Complaint"), and Plaintiffs' Memorandum of Law in Support of Order to Show Cause for a

Temporary Restraining Order, Preliminary Injunction, and Expedited Briefing Schedule

("Memorandum of Law"), Plaintiffs proceed on the basis that Defendants HHS, CMS, Secretary

Becarra, and Administrator Brooks-Lasure violated the Administrative Procedure Act in

approving the NYSDOH's first directed payment of federal-state funding for Medicaid home and

community based services provided for under the American Rescue Plan Act of 2021, Pub. L.

No. 117-2, and that completion of the first directed payment by the NYSDOH will cause

Plaintiffs to suffer irreparable injury absent injunctive relief due to immediate competitive harm,

reputational harm, and uncoverable financial harm.

 NOW, upon the accompanying Declaration of Neil H. Koslowe, sworn to on this 18th day

of March, 2020, as well as Plaintiffs' Complaint, Memorandum of Law, the Declarations of

Rouandy Pascal, Marina Piavskaia, and Jacob Joffe, it is hereby:

 **ORDERED** that Plaintiffs have demonstrated good cause for setting an expedited

briefing schedule in this proceeding due to the impending first directed payment;

 **ORDERED** that Defendants show cause before the Honorable _____, U.S.D.J.,

located at the United States Courthouse located at 500 Pearl St., New York, NY 10007,

Courtroom _____, on _____, 2022, at _____ a.m / p.m, as to why an

Order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure

preliminary enjoying and/or temporarily restraining, without bond, Defendants, including their agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert with them, from implementing the first directed payment, vacating and setting aside CMS' approval of the NYSDOH's Section 438.6(c) Preprint Application, and ordering that Defendants NYSDOH, Commissioner Bassett and Medicaid Director Friedman resubmit a revised Section 438.6(c) Preprint Application to CMS with a plan that directs expenditures equally, and using the same terms of performance, for all Licensed Home Care Services Agency providing Medicaid services in New York State;

**IT IS FURTHER ORDERED** that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel by email not later than the ____ day of March, 2022, and any reply papers shall be filed and served not later than the ____ day of March, 2022.

SO ORDERED this _____ day of March, 2022.

_____
U.S.D.J.